IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS J. BLAKE,

                        Plaintiff,

        v.                                                    ORDER

MICHAEL DONOVAN, KELLI R. WILLARD-WEST,              17-cv-774-jdp
SCOTT ECKSTEIN, JODIE PERTTU,
and BRADLEY HOMPE,

                        Defendants.[1]

Plaintiff Thomas Blake, a state of Wisconsin prisoner currently housed at Green Bay Correctional Institution, alleges that prison officials are violating his right to practice the Asatru religion by prohibiting him from possessing certain religious items, in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Free Exercise and Establishment clauses of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment.

Currently before the court are motions from both sides: defendants have filed a motion for partial summary judgment contending that Blake failed to exhaust his administrative remedies with regard to some of his claims. Blake has filed a motion asking to be considered as an expert witness on Asatru and more generally on Pagan religions.[2]

---

[1] I have amended the caption to provide the full names defendants Perttu and Hompe, as stated by counsel in the state's acceptance of service.

[2] Asatru falls under the Pagan "umbrella" religious group organized by the DOC.

## A. Exhaustion

Defendants seek summary judgment on exhaustion grounds concerning two sets of Blake's claims: his claims regarding the deprivation of prayer oil, and his claims against defendant grievance examiners Jodie Perttu and Bradley Hompe.[3]

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Blake failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact

---

[3] Blake has filed a motion asking for a decision on defendants' summary judgment motion. Dkt. 30. That motion will be granted.

and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

First, the prayer-oil claims. Blake filled out a "Request for New Religious Practice or Property" form asking for new types of Pagan prayer oil to be allowed. At the conclusion of the multi-step process in which those types of requests are reviewed, Blake's request was denied; prison officials said that there were already different types of approved oils that he could use. He filed a grievance about the deprivation of his prayer oil. But after the grievance was dismissed, he didn't file an appeal. That would ordinarily be enough to grant defendants' motion, because Blake did not exhaust all the steps of the ICRS process.

Blake contends that he thought his administrative remedies were already exhausted because of the final response he got on his religious-item-request form: the official checked the boxes "ISSUE IS MOOT" and "allowable under current policy or pending policy revision." Dkt. 23-2. The official did not check the box stating that the request was denied and that the inmate could file a grievance.

Because inmates must exhaust only remedies that are "available" to them, courts have sometimes excused an inmate's failure to complete the exhaustion process where the inmate is led astray by confusing regulations or incorrect directions from prison officials. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."); *Naseer v. Belz*, No. 13-cv-821-jdp, 2015 WL 519760, at *2 (W.D. Wis. Feb. 9, 2015) (denying summary judgment to prison officials unable to explain why failure

to exhaust under one grievance system was dispositive, where grievance was routed though separate grievance mechanism).

Here, the choice of the "moot" option as the final response to Blake's religious-item request was not ideal. Prison officials didn't really mean that Blake's request was moot, because Blake was in fact denied the item he actually wanted. Their point was that various oils were already available to him under existing policies. But that response is not reason to deny defendants' summary judgment motion. Given the facts here, no reasonable factfinder could conclude that Blake was misled into thinking he had done all he could do, because he didn't stop when he received that denial. He went on to file a grievance about the denial, so it is clear that he knew that option was available to him. Blake's failure to follow though with the entire ICRS process cannot be blamed on the religious-item-request form.

Blake also argues that the religious-item-request process was enough to exhaust his administrative remedies, because that process included a denial by defendant Kelli Willard-West on the Religious Practice Advisory Committee. Blake suggests that Willard-West was, practically speaking, the final DOC authority on religious items, so it makes no sense to force him to exhaust through the ICRS system, when the chaplain, warden, and institution or corrections complaint examiners could not overrule Willard-West. I'm not convinced that the officials Blake names would truly be forbidden from overruling a decision by Willard-West in the religious-item-request process. But regardless, Blake leaves out the final decision-maker in the ICRS system, the secretary of the DOC, who clearly has final say over department operations. So I reject Blake's argument that Willard-West's decision should be considered to be the last step in the exhaustion process. I conclude that Blake failed to exhaust his available administrative remedies on his prayer-oil claims, so I will grant defendants' motion for

summary judgment on those claims. That dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means that Blake can refile his prayer-oil claims if he can successfully exhaust them.

The second set of claims on which defendants seek summary judgment is a series of claims against defendants Perttu and Hompe. I granted Blake leave to proceed on constitutional claims against them in their roles as grievance examiners for intentionally failing to consider each religious-item grievance on its own merit.

Defendants contend that Blake failed to exhaust his administrative remedies on those claims by failing to file a grievance directly about Perttu's and Hompe's actions.[4] But defendants do not develop this argument: they do not cite to any legal authority showing that claims against grievance examiners for failing to stop a deprivation of an inmate's constitutional rights must be exhausted separately from the grievances directly about the deprivation. And this argument runs counter to cases stating that a prisoner need not name any particular defendant in a grievance to properly exhaust his claim, *Jones v. Bock*, 549 U. S. 199, 219 (2007), and that a prisoner is not required to mention each specific instance in a chain of misconduct by prison officials, *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). So I conclude that defendants have not met their burden to establish that Blake failed to exhaust his administrative remedies on his claims against Perttu and Hompe, and I will deny defendants' motion for summary judgment on those claims.

---

[4] Blake says that he concedes his claims against Hompe are unexhausted because he did not file a grievance against him. Dkt. 26, at 1. But as stated in this opinion, he was not required to formally name Hompe in a grievance, and I do not have to accept Blake's incorrect interpretation of the law, particularly given that he is appearing pro se.

Defendants have filed a motion to amend the March 1, 2019 dispositive-motions deadline to give the parties more time to file dispositive motions after the issuance of an order on the exhaustion motion. Dkt. 33. Defendants alternatively ask for 30 or 45 days from the exhaustion decision. I will move the deadline to March 15, 2019.

## B. Motion to present expert testimony

Blake has filed a motion to be considered as an expert in Pagan and Asatru theology. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), the court must serve as a gatekeeper to ensure that proffered expert testimony meets the requirements of Federal Rule of Evidence 702.

Defendants say that it is "problematic" under Rule of Evidence 403 for Blake to testify as an expert on his own behalf, arguing that his testimony will likely be more prejudicial than probative. I take their point that Blake has incentive to provide self-serving expert testimony, but I'm not convinced that this alone is a reason to deny the motion: the court has allowed DOC defendants to testify as experts in the fields of medicine or prison security before.

I will deny Blake's motion, without prejudice, for two reasons: (1) he did not provide a summary of what he would testify about until his reply brief, so defendants did not have a chance to address the substance of his proposed testimony in their response; and (2) it is premature to know whether Blake's testimony will assist the court or jury with deciding a relevant issue. *See Myers v. Ill. Cent. R. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). Given recent developments in religious-freedom cases, it is unclear that it will ultimately matter whether Blake is an expert in Paganism or Asatru; the important question is whether prison officials are burdening Blake's own religious practices. *See Holt v. Hobbs*, 135 S. Ct. 853, 862–63 (2015) ("the protection of RLUIPA, no less than the guarantee of the Free Exercise Clause, is not

limited to beliefs which are shared by all of the members of a religious sect." (internal quotation omitted)); *Tanksley v. Litscher*, No. 15-cv-126-jdp, 2017 WL 3503377, at *6 (W.D. Wis. Aug. 15, 2017) ("Under *Holt*, RLUIPA protects every religious preference, no matter how idiosyncratic or how minor to the inmate's professed religion.").

Blake should be aware that even without being declared an expert, he is already free to testify about his own religious practices or personal knowledge of events that he has been involved in. He may renew his motion to present expert testimony, but if he does so, he should explain what parts of his testimony he considers to be expert testimony as opposed to testimony about his firsthand experiences practicing Asatru or Paganism. He should also explain how he believes that his proposed expert testimony will assist the court or jury with deciding a relevant issue.

ORDER

IT IS ORDERED that:

1.  Defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 21, is GRANTED in part. Plaintiff Thomas Blake's claims about the denial of prayer oils are DISMISSED without prejudice.

2.  Plaintiff's motion for a decision on defendants' summary judgment motion, Dkt. 30, is GRANTED.

3.  Plaintiff's motion to be considered an expert, Dkt. 13, is DENIED without prejudice.

4.  Defendants' motion to amend the schedule, Dkt. 33, is GRANTED. The dispositive-motions deadline is extended as stated in the opinion above.

Entered February 7, 2019.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge